IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BINH HUYNH, | ) | |
| Plaintiff, | ) | Civil No. 6:12-CV-1368-TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| SUTTEL & HAMMER, P.S., KAREN L. HAMMER, ISAAC L. HAMMER, PATRICK LAYMAN, MARK T. CASE, and MEGAN CASE, | ) ) ) ) | |
| Defendants. | ) | |

COFFIN, Magistrate Judge:

Pro se plaintiff's complaint alleges a violation of the Fair Debt Collection Practices Act (p. 4 of Complaint, #2). A law firm and attorneys are named as defendants.

Presently before the court is defendants' motion to dismiss and alternate motion for summary judgment(#15).

For the reasons discussed below, such motion should be allowed and the action should be dismissed.

## Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

2 - FINDINGS AND RECOMMENDATION

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. <u>Hector v. Wiens</u>, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Valadingham v. Bojorquez</u>, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. <u>Sankovich v. Insurance Co. of North America</u>, 638 F.2d 136, 140 (9th Cir. 1981).

<u>Factual Background</u>

Plaintiff alleges he received a summons from the Circuit Court of the State of Oregon indicating that he was being sued for a debt he knew nothing about and that defendants defrauded the State Court and plaintiff and continued collection activity after receiving notice of the dispute without providing validation of the debt.

<u>Discussion</u>

This court issued an order for plaintiff to show cause why defendants' motion should not be granted after plaintiff failed to file an opposition to the motion. Plaintiff's response to the order was not responsive to the substance of defendants' motion. Out of extreme deference to plaintiff's pro se status, this court considered plaintiff's Sur-reply to defendants' Reply.

One of the several reasons defendants moved for dismissal asserts that there is a judgment in the state court action finding plaintiff liable on the Citibank account that is the subject of this

3 - FINDINGS AND RECOMMENDATION

federal action and that such conclusively established that the account is plaintiff's and the debt is valid.

Plaintiff states he need not address this argument as he did not "mention defendants' state court action at any point in plaintiff's federal complaint." P. 3 Sur-reply (#23). Such is incorrect. See p. 3 of Complaint(#2).

Plaintiff's claims are so "inextricably intertwined with the state court's denial in a judicial proceeding" that the federal court is "in essence being called upon to review the state court decision. This the district court cannot do." <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. at 483-84 n. 16 (1982).

Plaintiff's claim also fails due to issue preclusion, <u>see</u> <u>Drews v. EBI Companies</u>, 310 Or. 134 (1990).

## Conclusion

Defendants' motion (#15) for summary judgment should be allowed and this action should be dismissed.

DATED this 12 day of July, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION